**AKERMAN LLP**
CAROLINE H. MANKEY (State Bar No. 187302)
caroline.mankey@akerman.com
601 West Fifth Street, Suite 300
Los Angeles, CA 90071
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

Attorneys for Defendant
HAAS MULTIGRIND, LLC,

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| HAAS AUTOMATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> HAAS MULTIGRIND, LLC, <br><br> Defendants. | CASE NO. 2:21-cv-04187-CBM (CFEx) <br> The Hon. Consuelo B. Marshall <br><br> **DEFENDANT HAAS MULTIGRIND, LLC 'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION** <br><br> Date: September 21, 2021 <br> Time: 10:00 a.m. <br> Courtroom: 8B <br> First Street Courthouse <br> 350 W. First Street <br> Los Angeles, CA 90012 <br><br> Complaint Filed: May 19, 2021 |

PLEASE TAKE NOTICE THAT on September 21, 2021, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 8B of the above-entitled court, located at the First Street Courthouse, 350 W. First Street, Courtroom 8B, 8th Floor, Los Angeles, California 90012, Defendant Haas Multigrind, LLC ("Haas Multigrind") will and hereby does move this Court, pursuant to Federal Rule of Civil Procedure

59542919;1

12(b)(2) for an order dismissing the complaint of Haas Automation, Inc. against Haas Multigrind, LLC, for lack of personal jurisdiction.  The grounds for this Motion are that: (1) Haas Multigrind is a non-resident corporation that does not have contacts with the State of California that are so continuous and systematic as to render it essentially at home in this State (*Daimler AG v. Bauman,* 571 U.S. 117, 127, 134 S. Ct. 746 (2014)); (2) the actions of Haas Multigrind alleged in the Complaint occurred exclusively in North Carolina, have no connection whatsoever to California, and were not purposefully directed at California; and (3) Haas Multigrind did not purposefully avail itself of the privilege of conducting activities in California.  For these reasons, the Court lacks both general and specific personal jurisdiction over Haas Multigrind.

This Motion is based on this Notice; the attached Memorandum of Points and Authorities; the Declarations of Caroline H. Mankey and Dirk Wember, any other matters of which this Court may take judicial notice; all pleadings, files and records in this action; and such argument as may be received by this Court at the hearing on this Motion.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on July 27, 2021, which is more than seven days before this Motion is being filed, as set forth in the accompanying Declaration of Caroline H. Mankey.

DATED: August 20, 2021                    **AKERMAN LLP**

By: */s/ Caroline H. Mankey*
      Caroline H. Mankey
      Attorneys for Defendant
      HAAS MULTIGRIND, LLC,

**AKERMAN LLP**
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

59542919;1

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................1

II. PERTINENT FACTS ...........................................................................................2

    A. Haas Multigrind Has No Physical Presence in, or Minimum Contacts with, the State of California ......................................................2

III. THE COURT LACKS BOTH GENERAL AND SPECIFIC PERSONAL JURISDICTION OVER HAAS MULTIGRIND ..............................................4

    A. Applicable Standards of Jurisdiction .......................................................4

    B. The Court Lacks General Personal Jurisdiction over Haas Multigrind ...................................................................................................5

    C. The Court Also Lacks Specific Personal Jurisdiction over Haas Multigrind ...................................................................................................8

        1. Purposeful Availment or Direction Is Lacking ............................9

        2. The Claims Do Not Arise Out of Any Activities Relating to California ......................................................................................14

        3. The Exercise of Specific Jurisdiction Over Haas Multigrind Would Not Be Reasonable .........................................................14

IV. CONCLUSION ..................................................................................................15

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

59542919;1

# TABLE OF AUTHORITY

**Page**

**Cases**

*Axiom Foods, Inc. v. Acerchem International, Inc.*,
  874 F.3d 1064 (9th Cir. 2017) .................................................................... 10, 12

*Boschetto v. Hansing*,
  539 F.3d 1011 (9th Cir. 2008) ............................................................................ 9

*Calder v. Jones*,
  465 U.S. 783, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984) .............................. 9, 12

*Daimler AG v. Bauman*,
  571 U.S. 117, 134 S. Ct. 746 (2014) ......................................................... passim

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*,
  141 S. Ct. 1017 (2021) ................................................................................ 12, 13

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  564 U.S. 915, 131 S. Ct. 2846, 180 L. Ed. 2d 796 (2011) ................................. 8

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
  466 U.S. 408, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984) .......................... passim

*Martinez v. Aero Caribbean*,
  764 F.3d 1062 (9th Cir. 2014) ............................................................................ 7

*Pebble Beach Co. v. Caddy*,
  453 F.3d 1151 (9th Cir. 2006) .......................................................................... 12

*Picot v. Weston*,
  780 F.3d 1206 (9th Cir. 2015) ............................................................... 9, 10, 11

*Schwarzenegger v. Fred Martin Motor Co.*,
  374 F.3d 797 (9th Cir. 2004) .................................................................... passim

*Teradyne, Inc. v. Astronics Test Sys., Inc.*,
  No. CV 20-2713-GW-SHKX, 2020
  WL 8173024 (C.D. Cal. Nov. 6, 2020) ............................................................ 12

*Tr. of Summers Fam. Tr. TA Neak Prod. Buff WA Pty,
  Ltd. v. Nat'l Distribution Warehouse, Inc.*,
  No. 2:20-CV-10741-CAS-EX, 2021 WL 2354507 (C.D. Cal. June 7, 2021) ...11

59542919;1

*Walden v. Fiore*,
    571 U.S. 277, 134 S. Ct. 1115, 188 L. Ed. 2d 12 (2014) ...........................4, 8, 12

*Werner v. Dowlatsingh*,
    818 Fed. Appx. 671 (9th Cir. 2020) ................................................................11

**Statutes**

Lanham Act.................................................................................................1, 4

**Rules**

Fed. R. Civ. Proc. 4(k)(1)(A).................................................................................5

Fed. R. Civ. Proc. 12(b)(2) ........................................................................... Notice

Local Rule 7-3............................................................................... Notice, 12

59542919;1

## I. INTRODUCTION

In its Complaint, Plaintiff Haas Automation, Inc. ("Plaintiff") asserts claims under the Lanham Act and California common law against Haas Multigrind, LLC ("Haas Multigrind"). Haas Multigrind is a North Carolina limited liability company. Therefore, the Court must have general or specific personal jurisdiction over Haas Multigrind in order for Plaintiff's claims to proceed against it in this Court.

General personal jurisdiction exists only where a non-resident defendant's contacts with the State are "'so 'continuous and systematic' as to render them essentially at home in the forum State.'" *Daimler AG v. Bauman,* 571 U.S. 117, 127, 134 S. Ct. 746 (2014). Even engaging in "a substantial, continuous and systematic course of business" does not render a corporate defendant "at home" in the forum State for purposes of the exercise of personal jurisdiction. *Id.* at 116-118. Occasionally making sales, traveling to, or doing business in the forum state similarly does not expose a non-resident defendant to general personal jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984)). Here, Haas Multigrind's contacts with California are negligible, such as occasional travel to California and a mere two sales to customers located within California. By no stretch of the imagination would these minimal contacts render Haas Multigrind "at home" in California.

Specific personal jurisdiction exists only where (1) the non-resident defendant purposefully directs its activities at the forum or resident thereof; or purposefully avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim arises out of or relates to the defendant's forum-related activities; *and* (3) the exercise of jurisdiction comports with fair play and substantial justice. *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 801-802 (9th Cir. 2004). Plaintiff bears the burden of proving the first two prongs; if it cannot, specific personal jurisdiction cannot be established. *Id.* at 802.

59542919;1

Here, neither of the first two prongs can be proven by Plaintiff. Haas Multigrind has directed no case-related activity at the State of California whatsoever. Indeed, all of Haas Multigrind's domestic manufacturing, operations, management, sales, and administration are conducted in North Carolina, and it has no physical presence whatsoever in California. While Haas maintains a passive website that is accessible worldwide, such website is not aimed at California nor does it allow for online sales of Haas Multigrind's highly-specialized grinding machines. Therefore, Haas Multigrind neither purposefully directed its activities at California, nor do Plaintiff's claims relate in any way to Haas Multigrind's *de minimis* forum-related activities.

Absent the forum-related contacts necessary to support either general jurisdiction or specific jurisdiction, the claims against Haas Multigrind must be dismissed for lack of personal jurisdiction.

## II.   PERTINENT FACTS

### A.   Haas Multigrind Has No Physical Presence in, or Minimum Contacts with, the State of California

Haas Multigrind is a subsidiary of, and managed by, Haas Schleifmaschinen GmbH, a German company founded in 1934 by Adelbert Haas to build grinding machines. Declaration of Dirk Wember ("Wember Dec."), ¶ 2. Haas Schleifmaschinen GmbH's facility in Germany was destroyed in World War II, but was rebuilt by Mr. Haas after the war. *Id*. The company remained in the Haas family until it was sold in 1982 to Mr. Bader, the father of one of the owners today and in 2000 to Mr. Wember. *Id*. The company has consistently used the HAAS trademark since its formation in 1934. *Id*.

Haas Multigrind is a limited liability company formed in 2004 in Warsaw, Indiana, to conduct the business of Haas Schleifmaschinen GmbH in the United States. Wember Dec., ¶ 3. In 2020, Haas Multigrind moved its principal place of business to Charlotte, North Carolina, and re-formed as a North Carolina limited liability company. *Id*.; Dkt. 1, ¶ 12.

2

All of Haas Multigrind's domestic manufacturing, operations, management, sales, and administration are conducted in North Carolina. Wember Dec., ¶ 4. Haas Multigrind has no physical presence in California. *Id*. It does not have any offices, facilities, staff, employees, consultants, sales representatives, or suppliers in California. *Id*. Haas Multigrind does not hold any business licenses issued by the State of California, does not have an agent for service of process in California, and owns no real property there. *Id*. Indeed, the Complaint does not allege any physical presence by Haas Multigrind in California. Dkt. 1. To the contrary, it alleges that Haas Multigrind's "brick and mortar stores" are located in Indiana and North Carolina." Dkt. 1, ¶ 42.

Haas Multigrind does not conduct any substantial sales in or marketing directed specifically to California and it has had no major press coverage in California. Wember Dec., ¶ 5. Haas Multigrind's customers are generated primarily through word of mouth, trade shows, and industry awareness. *Id*.

Haas Multigrind has only ever sold and delivered two grinding machines to customers in California, one in 2017 and one in 2021. Wember Dec., ¶ 6. In each of those instances, the customer sought out Haas Multigrind on their own initiative without any outreach by Haas Multigrind into California to attract these sales. *Id*. Rather, the customer who purchased a machine in 2017 contacted Haas Multigrind at the International Manufacturing Technology Show in Chicago, Illinois. *Id*. The customer who purchased a machine in 2021 contacted the German parent company, Haas Schleifmaschinen GmbH, at the EMO show in Hannover, Germany, in 2019. *Id*.

The officers and employees of Haas Multigrind do not travel to California for business with any regularity or frequency. Wember Dec., ¶ 7. Haas representatives occasionally attend a trade show in California and, in 2013, one of Haas Multigrind's principals, Thomas Bader, visited Plaintiff's Oxnard, California facility and met with two of its executives. *Id*.

Haas Multigrind does have a website that is accessible from California. Wember Dec., ¶ 8. However, it does not make any online sales of its machines whatsoever. *Id*.

59542919;1

Customers must contact Haas Multigrind directly in order to purchase one of its machines. *Id*. Haas Multigrind's machines are very specialized, heavy grinding machines that can be used to grind very hard materials that are difficult to grind, such as the alloys used in artificial implants for knees, hips and shoulders, or for aerospace engineering in which the materials have to withstand very high temperatures. *Id*. As a result, Haas Multigrind sells its machines only to a niche market. *Id*. All of Haas Multigrind's sales of machines are made only after many weeks or months of consultation with the buyer in order for Haas Multigrind to deliver a customized, application-specific machine to its customers. *Id*.

Haas Multigrind has no other connections to California. Wember Dec., ¶ 9.

## III. THE COURT LACKS BOTH GENERAL AND SPECIFIC PERSONAL JURISDICTION OVER HAAS MULTIGRIND

Plaintiff alleges claims against Haas Multigrind for federal trademark infringement, false designation of origin in violation of the Lanham Act, and common law unfair competition without asserting a factual basis for personal jurisdiction. Dkt. 1. As Haas Multigrind is a North Carolina company, this Court has personal jurisdiction over it only if there is a basis for exercising general or specific personal jurisdiction over it. There is not.

### A.     Applicable Standards of Jurisdiction

"The Due Process Clause of the Fourteenth Amendment constrains a State's authority to bind a nonresident defendant to a judgment of its courts." *Walden v. Fiore*, 571 U.S. 277, 283, 134 S. Ct. 1115, 1121, 188 L. Ed. 2d 12 (2014) (*citing World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980)). The threshold for satisfying due process requirements in exercising personal jurisdiction of a nonresident corporate defendant is that the defendant has such minimum contacts with the forum State that the exercise of jurisdiction does not offend "'traditional notions of fair play and substantial justice.'" *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413-414, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984)

59542919;1

(*quoting International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945)). The standard is satisfied where a controversy arises out of a defendant's contacts with the forum (specific jurisdiction) or where there are sufficient contacts between the State and the foreign corporation (general jurisdiction). *Id.*

There is no applicable federal statute governing personal jurisdiction, thus California law applies. Fed. R. Civ. Proc. 4(k)(1)(A); *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 800 (9th Cir. 2004). As California's long-arm statute is coextensive with federal due process requirements, the federal and state law analyses are the same. *Schwarzenegger*, 374 F.3d at 801. "For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Id.* (*quoting International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S. Ct. 154 (1945)).

Where a defendant moves for dismissal for lack of jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction. *Schwarzenegger,* 374 F.3d at 800.

### B.    The Court Lacks General Personal Jurisdiction over Haas Multigrind

A court may assert general jurisdiction over a non-resident corporation when the corporation's contacts with the State are "'so 'continuous and systematic' as to render them essentially at home in the forum State.'" *Daimler AG v. Bauman,* 571 U.S. 117, 127, 134 S. Ct. 746 (2014) (*quoting Goodyear Dunlop tires Operations, S.A. v. Brown,* 564 U.S. 915, 919, 131 S. Ct. 2846, 2851, 180 L. Ed. 2d 796 (2011)); *see also Schwarzenegger,* 374 F.3d at 801 (general personal jurisdiction over a nonresident defendant exists only where the defendant engages in "'continuous and systematic general business contacts'" that "'approximate physical presence'" in the state) (*quoting Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984)). The Supreme Court in *Daimler* expressly rejected the

5

59542919;1

argument that general jurisdiction may be exercised wherever a corporation "engages in a substantial, continuous and systematic course of business," emphasizing instead the defendant's place of incorporation, the principal place of business, and any place in which the defendant's affiliations render it "essentially at home." 571 U.S. at 138-139.

In *Daimler*, the Supreme Court declined to address whether Daimler, a German public company headquartered in Stuttgart, could be subjected to a California court's general jurisdiction based on the contacts of its in-state subsidiary. 571 U.S. at 134-135. Instead, it held that Daimler's slim contacts with California – which were insufficient to render it "at home there" -- precluded the exercise of general personal jurisdiction. *Daimler*, 571 U.S. at 136. Noting that the words "continuous and systematic" were used "to describe instances in which the exercise of *specific* jurisdiction would be appropriate," the Court explained that the test in *Goodyear* is not "whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,'" but rather "whether that corporation's 'affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State.'" *Id.* at 138-139 (*quoting Goodyear,* 564 U.S. at 919, 131 S. Ct. at 2851).

In *Schwarzenegger,* the Ninth Circuit held that there was no general personal jurisdiction over the defendant in California, even where the defendant purchased automobiles imported by California entities, entered into some sales contracts with automobile suppliers that had California choice-of-law provisions, regularly retained the services of a California-based direct-mail marketing company, used a California company for consulting services, and maintained a website that could be accessed by people in California. 374 F.3d at 801. The court expressly held that "[t]hese contacts fall well short of the 'continuous and systematic' contacts that the Supreme Court and this court have held to constitute sufficient 'presence' to warrant general jurisdiction." *Id.* (*citing Helicopteros,* 466 U.S. at 418, 104 S. Ct. 1868; and *Bancroft & Masters,* 223 F.3d at 1086).

In *Helicopteros,* the Supreme Court held that the defendant did not have sufficient "continuous and systematic general business contacts" in the State of Texas to support general personal jurisdiction over it, even where it sent its chief executive officer to Houston for a contract negotiation, accepted checks drawn on a Houston account, purchased helicopters, equipment and training services in Texas, and sent personnel to Texas for training. *Helicopteros*, 466 U.S. at 416.  The Court expressly noted that a single trip to Houston by the defendant's chief executive officer could not be considered a contact of a continuous and systematic nature. *Id.*  The Court further held that "mere purchases, even if occurring at regular intervals," and sending personnel to Texas for training were not significant contact with the State. *Id.* at 418.

In *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014), the court held that under *Daimler's* "demanding nature of the standard for general personal jurisdiction over a corporation," a California court had no general personal jurisdiction over a defendant, despite the defendant's contracts worth $225 to $450 million to sell airplanes to a California corporation, its representatives' travel to California for conferences, promotions, and meetings with suppliers, the use of defendant's airplanes in California, and the defendant's advertising in trade publications with distribution in California.

These cases demonstrate that the continuous and systematic contacts between a defendant and a forum state that render the forum state the equivalent of the defendant's home, and that are the foundation for the exercise of general personal jurisdiction, cannot be found here.  Indeed, Haas Multigrind's infrequent contact with California in the form of occasional travel to California, a mere two sales to customers located within California, and a passive website that is accessible from California and everywhere else in the world, is far less even than in *Schwarzenegger*, *Helicopteros*, *Daimler*, and *Martinez*, in all of which the Ninth Circuit and/or the Supreme Court resoundingly found no general personal jurisdiction over the defendant.

59542919;1

### C. The Court Also Lacks Specific Personal Jurisdiction over Haas Multigrind

A plaintiff that cannot establish that a defendant is subject to general jurisdiction in a forum state must instead establish that the defendant is subject to specific jurisdiction for claims related to its activities or contacts there. *E.g., Walden v. Fiore* 571 U.S. 277, 283, 134 S.Ct. 1115, 1121 n. 6 (2014).

Specific jurisdiction exists only adjudicate issues deriving from or connected with the underlying controversy. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 2851 (2011). Specific jurisdiction "depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id.*

Even the exercise of specific personal jurisdiction must be based on contact with the forum state that is "continuous and systematic," *as well as* related to the claims asserted. *Daimler,* 571 U.S. at 138 (*quoting International Shoe Co. v. Washington*, 326 U.S. 310, 317, 66 S. Ct. 154, 90 L. Ed. 95 (1945)). In determining whether a defendant has sufficient minimum contacts with a forum state to create specific jurisdiction, the focus is on the relationship among the defendant, the forum, and the litigation. *Walden v. Fiore*, 571 U.S. 277, 284, 134 S. Ct. 1115, 188 L. Ed. 2d 12 (2014). The *defendant* must create minimum contacts with the forum state; the contacts cannot be those between the *plaintiff* and the forum state, nor can they be the defendant's contacts with *persons* residing in the forum State. *Id.* at 284-285.

The Ninth Circuit applies the following three-prong test to determine whether the exercise of specific personal jurisdiction over a non-resident defendant is appropriate: (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one

which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable. *E.g., Schwarzenegger,* 374 F.3d at 802. The plaintiff bears the burden on the first two prongs. *Boschetto v. Hansing,* 539 F.3d 1011, 1016 (9th Cir. 2008). If the plaintiff fails to establish both prongs, the case must be dismissed. *Id.* (dismissing case filed in California against Wisconsin resident arising out of "a one-time contract for the sale of a good that involved the forum state only because that is where the purchaser happened to reside, but otherwise created no 'substantial connection' or ongoing obligations there"). If the plaintiff does establish both of the first two prongs, the defendant may still secure a dismissal by presenting a compelling case that the exercise of jurisdiction would not be reasonable. *Id.*

### 1. Purposeful Availment or Direction Is Lacking

Under the first prong of the test for specific personal jurisdiction is the requirement that the defendant purposefully availed itself of the benefits of doing business in California or purposefully directed its activities toward California. *Schwarzenegger,* 374 F.3d at 802. The purposeful availment analysis is applied for claims sounding contract, where a defendant has purposefully availed itself of the privilege of conducting activities in the forum. *Picot v. Weston*, 780 F.3d 1206, 1212 (9th Cir. 2015). The purposeful direction analysis applies for claims sounding in tort, to determine whether the defendant's actions are directed at the forum state, even if the actions took place elsewhere. *Id; Schwarzenegger,* 374 F.3d at 802-803. As Haas Multigrind has no contractual relationship with Plaintiff, the purposeful direction analysis is applicable here.

The Ninth Circuit evaluates purposeful direction under the three-part "effects" test attributable to *Calder v. Jones,* 465 U.S. 783, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984). The "effects" test requires that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the

59542919;1

defendant knows is likely to be suffered in the forum state. *Schwarzenegger,* 374 F.3d at 803.  In applying the effects test, the focus is on the defendant's contacts with the forum State itself, not the persons who reside there. *Picot v. Weston,* 780 F.3d at 1214 (*quoting Walden v. Fiore,* 571 U.S. 277, 134 S. Ct. 1115, 1122, 188 L. Ed. 2d 12 (2014)).

The first prong of the effects test requiring an intentional act focuses on the defendant's intention to perform the physical act complained of, rather than an intention to accomplish any particular result or consequence. *Schwarzenegger*, 374 F.3d at 806. Haas Multigrind does not deny that it intentionally uses its company name – which includes the surname of its founder, Adelbert Haas – in connection with the sale of its grinding machines.

The second prong of the effects test requires Plaintiff to establish that Haas Multigrind "expressly aimed" its intentional act at California. *Schwarzenegger,* 374 F.3d at 806.  In *Schwarzenegger*, the Ninth Circuit found no express aiming where the defendant created and published an advertisement containing a recognizable photograph of the plaintiff that attempted to entice Ohioans, and not Californians, to buy or lease cars from the defendant. *Id.* at 807.  The court further found that even if the defendant's intentional act caused harm to Schwarzenegger in California, and even if the defendant knew that Schwarzenegger lived in California, the publication of the advertisement was not expressly aimed at California and did not confer specific jurisdiction over the defendant. *Id.*

In *Axiom Foods, Inc. v. Acerchem International, Inc.*, the Ninth Circuit held that the nonresident defendant did not expressly aim its conduct at California by sending no more than ten newsletters to recipients physically located in California, where the defendant conducted no business and had no sales or clients. *Axiom Foods, Inc. v. Acerchem International, Inc.,* 874 F.3d 1064, 1070-71 (9th Cir. 2017) (*citing Walden,* 134 S. Ct. at 1121).  The court concluded that the defendant's "suit-related conduct" did not "create a substantial connection with [California]." *Id.* at 1070.

Similarly, in *Picot v. Weston*, a defendant was accused of interfering with a California resident's contract to sell technology to a third party, but conducted all of his allegedly tortious conduct "from his residence in Michigan, without entering California, contacting any person in California, or otherwise reaching out to California." 780 F.3d at 1215. The Ninth Circuit held that the defendant's actions did not connect him with California in a way sufficient to support the assertion of personal jurisdiction over him. *Id*.

In *Werner v. Dowlatsingh*, 818 Fed. Appx. 671, 672 (9th Cir. 2020), the Ninth Circuit held that the defendant's alleged display of copyright protected photographs in videos uploaded to YouTube from his home in Canada did not subject him to specific personal jurisdiction in California. The court found that the defendant's "suit related conduct" of displaying the protected photos did not create a substantial connection with California. *Id*. It further held that the defendant's trips to California to attend a convention and his sponsorship agreement with a California watch-making company were not related to the suit and, therefore, did not support the exercise of specific personal jurisdiction. *Id*.

Like in each of these cases, Haas Multigrind's suit-related conduct was not in any way aimed at California. Haas Multigrind's manufacturing, operations, management, sales, and administration are all conducted in North Carolina. Indeed, Haas has only ever sold two machines to customers in the State of California – both of whom reached out to Haas Multigrind or its German parent company to purchase such machines at trade shows held outside of California without any outreach by Haas Multigrind – and it does not direct any advertising or marketing efforts at California.

Moreover, Haas Multigrind's passive website does not target California in any way and is not sufficient to subject Haas Multigrind to jurisdiction in California. The Ninth Circuit and the Central District of California have repeatedly held that "[a] passive website that does little more than make information available to those who are interested in it is not grounds for the exercise personal jurisdiction." *Tr. of Summers*

11

*Fam. Tr. TA Neak Prod. Buff WA Pty, Ltd. v. Nat'l Distribution Warehouse, Inc.,* No. 2:20-CV-10741-CAS-EX, 2021 WL 2354507, at *7 (C.D. Cal. June 7, 2021) (internal quotations and citations omitted); *Pebble Beach Co. v. Caddy,* 453 F.3d 1151, 1158 (9th Cir. 2006) (holding that "an internet domain name and passive website . . . alone are not enough to subject a party to jurisdiction"); *Teradyne, Inc. v. Astronics Test Sys., Inc.,* No. CV 20-2713-GW-SHKX, 2020 WL 8173024, at *9 (C.D. Cal. Nov. 6, 2020) ("[A] mere web presence is insufficient to establish personal jurisdiction."). As such, Plaintiffs cannot satisfy the second prong of the *Calder* "effects" test.

The third prong of the *Calder* "effects" test, that the defendant's intentional act caused harm that the defendant knows is likely to be suffered in the forum state, is not satisfied by a "mere injury to a forum resident." *Walden*, 571 U.S. at 290, 134 S. Ct. at 1125. Rather, "an injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum State." *Id.* "The proper question is not where the plaintiff experienced a particular injury or effect, but whether the defendant's conduct connects him to the forum in a meaningful way." *Id.*; *see also Axiom Foods*, 874 F.3d at 1070 (*citing Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S. Ct. 2174, 2183, 85 L. Ed. 2d 528 (1985)) (the mere fact that it is *foreseeable* that a defendant's actions may cause injury in a forum is an insufficient basis for exercising personal jurisdiction over that defendant).

Here, Haas Multigrind had no reason to expect any harm to be caused to Plaintiff in California as a result of Haas Multigrind's use of its company name in connection with the manufacture and sale of its products in North Carolina, nor from its maintenance of a passive web presence not directed at California. There is nothing whatsoever that connects these particular acts by Haas Multigrind to California.

In the course of the parties' conference of counsel pursuant to Local Rule 7-3, Plaintiff indicated its intent to support specific jurisdiction by relying on the Supreme Court decision in *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.,* 141 S. Ct. 1017 (2021). Declaration of Caroline H. Mankey, ¶ 3. In *Ford*, two individuals brought

12

product liability claims against Ford in Montana and Minnesota, where such plaintiffs were injured in car accidents. *Ford Motor Co.,* 141 S. Ct. 1017. In concluding that specific jurisdiction existed over Ford in those states, the Court based its decision upon the fact that Ford agreed "that it does substantial business in Montana and Minnesota— that it actively seeks to serve the market for automobiles and related products in those States." *Id*. at 1026. Thus, Ford conceded that it "purposefully avail[ed] itself of the privilege of conducting activities" in both places. *Id*. (Citations omitted). As explained by the Court:

> To see why Ford is subject to jurisdiction in these cases . . . consider first the business that the company regularly conducts in Montana and Minnesota. Small wonder that Ford has here conceded "purposeful availment" of the two States' markets. By every means imaginable—among them, billboards, TV and radio spots, print ads, and direct mail—Ford urges Montanans and Minnesotans to buy its vehicles, including (at all relevant times) Explorers and Crown Victorias. Ford cars—again including those two models—are available for sale, whether new or used, throughout the States, at 36 dealerships in Montana and 84 in Minnesota. And apart from sales, Ford works hard to foster ongoing connections to its cars' owners. The company's dealers in Montana and Minnesota (as elsewhere) regularly maintain and repair Ford cars, including those whose warranties have long since expired. And the company distributes replacement parts both to its own dealers and to independent auto shops in the two States. Those activities, too, make Ford money. And by making it easier to own a Ford, they encourage Montanans and Minnesotans to become lifelong Ford drivers.

*Id*. at 1028 (citations omitted).

These facts are starkly distinguishable from Haas Multigrind's *de minimus* contact with the State of California. Indeed, the clear contrast between the facts giving rise to specific jurisdiction in *Ford* and the facts as presented here serve to further underscore Plaintiff's inability to meet their threshold burden of establishing that Haas Multigrind purposefully directed its acts at California.

13

### 2. The Claims Do Not Arise Out of Any Activities Relating to California

Plaintiff also cannot satisfy its burden of establishing that its claims against Haas Multigrind arise out of any activities related to California. As demonstrated by Plaintiff's lack of any assertion to support personal jurisdiction, none of Haas Multigrind's activities giving rise to this case had any connection to California whatsoever. Haas Multigrind's sole conduct related to this case is its use of its company name in connection with the manufacture and sale of its products in North Carolina and its maintenance of a non-interactive website not aimed at the State of California. Plaintiff's claims, therefore, do not arise out of any activities related to California.

### 3. The Exercise of Specific Jurisdiction Over Haas Multigrind Would Not Be Reasonable

The failure of Plaintiff to establish a connection between Haas Multigrind's complained-of conduct and California as the forum State mandates immediate dismissal of the claims against Haas Multigrind for lack of specific personal jurisdiction. However, even if dismissal were not required based on the lack of any connection between Haas Multigrind's actions and California, dismissal would be mandated based on the principles of fair play, substantial justice, and reasonableness. Haas Multigrind has no regular presence in California whatsoever, it does not seek to conduct business in California, it does not conduct business on any regular or frequent basis there. To require Haas Multigrind to defend itself in an unfamiliar foreign State to which it has almost no connection does not comport with fair play or substantial justice and would altogether defeat the protections of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

59542919;1

## IV. CONCLUSION

For all of the foregoing reasons, Haas Multigrind respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety for lack of personal jurisdiction.

DATED: August 20, 2021                **AKERMAN LLP**

By: */s/ Caroline H. Mankey*
    Caroline H. Mankey
    Attorneys for Defendant
    HAAS MULTIGRIND, LLC,

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

59542919;1